IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANNY R. WATSON                                                                               PLAINTIFF

vs.                                           Civil No. 3:14-cv-03054

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Danny R. Watson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

On December 12, 2011, Plaintiff protectively filed his disability application. (Tr. 11, 115-118). In this application, Plaintiff alleges being disabled due to lower back pain, knee pain, left hip pain, and right shoulder pain. (Tr. 132). Plaintiff alleges an onset date of September 1, 2004. (Tr. 11). Plaintiff's DIB application was denied initially and again upon reconsideration. (Tr. 62-63).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application. (Tr. 73-74). This hearing request was granted, and an administrative hearing was held on November 20, 2012 in Harrison, Arkansas. (Tr. 20-61). At this hearing, Plaintiff was present and was represented by Frederick Spencer. *Id.* Only Plaintiff testified at this hearing. *Id.* On the date of the hearing, Plaintiff testified he was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 23). As for his education, Plaintiff testified he completed the "first semester of eleventh grade." *Id.*

On January 31, 2013, the ALJ entered an unfavorable decision. (Tr. 8-16). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on March 31, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from September 1, 2004 until his date last insured of March 31, 2009. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following "medically determinable impairments": degenerative joint disease and remote fractures. (Tr. 13, Finding 3). The ALJ found Plaintiff did not have any severe impairments during the relevant time period. (Tr. 13-16, Finding 4). Because Plaintiff did not have any severe impairments, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from September 1, 2004 (alleged onset date) through March 31, 2009 (date last insured). *Id.*

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 5). The Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On May 22, 2014, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 23, 2014. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 13.  Specifically, Plaintiff claims the ALJ erred in finding he suffers from no severe impairments.  *Id.*  In response, Defendant argues the ALJ properly determined Plaintiff suffered from no severe impairments during the relevant time period.  ECF No. 14.  Defendant argues no remand is required.  *Id.*

As an initial matter, because this is an application for DIB, the relevant time period in this case is from September 1, 2004 (alleged onset date) until March 31, 2009 (date late insured).  Plaintiff must prove he was disabled by March 31, 2009.  *See  Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997) (holding "we will only consider an individual's medical condition as of the date she

was last insured"). *See also Pryor v. Heckler,* 737 F.2d 1488, 1488-89 (8th Cir. 1984) (holding "[a]ppellant must prove the existence of a disability on or before September 30, 1976 [date last insured] in order to be entitled to disability insurance benefits").

In the present action, the only treatment records related to Plaintiff's allegedly disabling impairments are from September of 2004. (Tr. 208-224). These records demonstrate Plaintiff was hit by a moving vehicle in September of 2004. *Id.* While a traumatic accident, there are *no other treatment records* after the treatment records related to this accident in September of 2004. Further, even five days after the accident, on September 27, 2004, Plaintiff had recovered significantly from the accident and, apart from chest wall pain and left leg pain, Plaintiff had "no other complaints at the time of [the] examination." (Tr. 213). To qualify as "severe," an impairment must affected basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988) (requiring a severe impairment to be more than slight and "affect any of the basic work activities"). Based upon this review, the Court finds Plaintiff simply has not provided sufficient evidence to demonstrate he suffered from a "severe" impairment during the relevant time period in this case.

Finally, as for Plaintiff's claim that the ALJ should have reversed and remanded this case for further development of the record, the Court finds Plaintiff has likewise not met his burden on this issue. Indeed, apart from his speculation on this matter, Plaintiff has not demonstrated that any further development of the record would be at all beneficial. Thus, the Court will not remand based upon Plaintiff's claim that the ALJ failed to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (recognizing "absent unfairness or prejudice, we will not remand").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

5

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of April 2015.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE